Filed 3/7/13  P. v. Flynn CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARK FLYNN,<br><br>        Defendant and Appellant. | A136137<br><br>(Solano County<br>Super. Ct. No. VCR207959) |

Defendant Mark Flynn appeals from his convictions for possession of methamphetamine and unlawful possession of a firearm, based upon his no contest plea entered after the trial court denied his motion to suppress evidence. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 raising no issues. Defendant was notified of his right to file a supplemental brief and has done so, identifying four potential errors in the trial court proceedings. Upon independent review of the record, we conclude that no issues are presented that justify further argument, and shall affirm the judgment.

**Factual and Procedural History**

On January 25, 2011, defendant was charged by information with one count of possession of a loaded handgun and methamphetamine (Health & Saf. Code, § 11370.1, subd. (a)), one count of transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)), one count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), one count of carrying a concealed firearm in a car (Pen. Code, § 12025, subd. (a)(1)), one count of carrying a loaded, unregistered firearm (Pen. Code, § 12031,

1

subd. (a)(1)), three counts of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)), and one count of being a felon in possession of ammunition (Pen. Code, § 12316, subd. (b)(1)).

On January 6, 2012, defendant moved to suppress evidence pursuant to Penal Code section 1538.5. The following testimony was offered at the hearing on the motion to suppress: Solano County Deputy Sheriff Jaime Garcia was on patrol on June 29, 2010, with his partner, Deputy Cliff Hirl. At 10:15 p.m., he noticed a black truck traveling in the opposite direction. When the cars passed, Garcia observed in his rearview mirror that the rear running lights on the truck were not on. Believing this was a violation of Vehicle Code section 24600, he turned the patrol car around and followed the truck. As he approached the truck from behind, Garcia also noticed that a tow ball was blocking one number on the rear license plate. Garcia believed that this was a violation of section 5201 of the Vehicle Code and initiated a traffic stop for the two violations.

Garcia approached the driver's side of the vehicle and his partner, Deputy Hirl, approached the passenger side. Defendant was the only occupant of the truck. As Garcia was explaining the reason for the stop, Hirl told him to have defendant get out of the truck. Hirl then told Garcia that he had spotted the barrel of a rifle in the passenger compartment approximately one foot from defendant. Hirl explained to the court that because defendant was seated next to the rifle and it was unknown whether it was loaded, he requested that his partner have defendant get out of the truck.

After defendant exited the vehicle, Hirl asked defendant if he had anything in his pockets that should be of concern. Defendant told the officer that he had a knife in his pocket. As Hirl pulled the knife from the pocket indicated by defendant, a small plastic ziploc bag containing what he believed to be methamphetamine residue and some nine-millimeter handgun rounds came out as well. Hirl then conducted a full search of defendant to locate any weapon that would use the ammunition and to look for more methamphetamine. In defendant's right front pocket, Hirl found another plastic baggie with suspected marijuana and an Altoids container that contained methamphetamine.

2

Garcia testified that as he approached the truck he saw the barrel of a rifle protruding near the center console of the truck. Prior to entering the truck he also saw a box of ammunition. Based on the drugs and live ammunition found on defendant, he believed that there were more drugs and possibly weapons inside the vehicle. After entering the truck he found a nine-millimeter loaded handgun underneath a blue towel on the bench seat near the driver. Behind the seat he also found one complete operative rifle and parts for an additional three rifles. At that time he was unaware that defendant was a felon, but Hirl obtained a criminal history from dispatch indicating that defendant had a felony conviction.

At the conclusion of the hearing on January 6, 2012, the court denied the motion to suppress. The court explained, "I'm going to find that the stop was supported by probable cause regarding Vehicle Code violations, and the officers had the absolute right to pull him over, move on up there and eyeball him and in plain view, Hirl saw what he believed to be a rifle. And for purposes of officer safety, I think it was completely reasonable for him to tell his partner to get that guy out of here and get him away from the firearm that's right next to him. [¶] Under all the circumstances, I think the officers' conduct was reasonable . . . . And I think the search of defendant himself [was] for officer safety . . . . [¶] So I think the officer can go in there for that pocket knife, and I'll take the officer's word for it that while he was in there he pulled out a little bit of dope, a couple of bullets. . . . [B]ased on the officer's experience, the bullets that were removed from the pocket of the defendant would not be bullets that would go into that riffle. So I think any reasonable person under the same circumstances would be concerned that there may be another firearm, a handgun, [loaded]. [¶] And in fact, according to Garcia, . . . after he turned the defendant over and items were found, he, in a place where he had a lawful right to be, illuminated the interior of that . . . truck, . . . saw some more ammunition and so forth. And I think their conduct was reasonable."

Pursuant to a plea agreement, defendant entered a plea of no contest to one count of possession of methamphetamine and one count of being a felon in possession of a firearm. The remaining counts were dismissed and it was agreed that defendant would not

3

serve immediate time in state prison. On July 12, 2012, defendant was sentenced to three years of formal probation, conditioned on one year in county jail.~ (CT 120.)~ Defendant filed a timely notice of appeal from the denial of his motion to suppress.

## Discussion

Defendant's supplemental brief identifies four potential errors in the trial court proceedings. First, he argues that the initiation and scope of the traffic stop that led to his arrest was unconstitutional. We have examined the record and find nothing to suggest error in the denial of defendant's motion to suppress evidence. The suspected Vehicle Code violations provided probable cause for the traffic stop. (*People v. Brown* (1998) 62 Cal.App.4th 493, 496.) Defendant was reasonably removed from the truck to ensure the officers' safety after the rifle was observed in the front seat. (*People v. Ritter* (1997) 54 Cal.App.4th 274, 279-280; *Michigan v. Long* (1983) 463 U.S. 1032.) Hirl reasonably searched defendant's pocket after defendant informed him that he was carrying a knife and Hirl was justified in continuing his search after recovering drug residue and ammunition. (*People v. Avila* (1997) 58 Cal.App.4th 1069, 1075.) Finally, the search of defendant's car may be justified as incident to defendant's arrest based on the drugs and ammunition recovered on defendant and the weapon and additional ammunition located in plain view. (*Arizona v. Gant* (2009) 556 U.S. 332, 343 ["circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle' "].)

Defendant's arguments to the contrary are based almost entirely on facts that are not contained in the record. Attached to defendant's supplemental brief are, among other things, photographs and an automobile repair shop invoice that he asserts proves the invalidity of the search. Defendant requests that this court receive this evidence for the first time on appeal under California Rules of Court, rule 8.252(c). However, defendant was provided an opportunity to present this evidence at the suppression hearing, but failed to do so. His request is denied. An appellate court will receive evidence only in "exceptional circumstances" and not as a substitute for the presentation of evidence that could have been presented in the trial court. (*Tyrone v. Kelley* (1973) 9 Cal.3d 1, 13.)

Defendant also argues that the officers lied at the suppression hearing. He relies on alleged inconsistencies between Garcia's testimony at the preliminary hearing and at the suppression hearing and offers additional evidence on appeal to prove what he asserts to be lies. For the reason discussed above, we will not consider the new evidence proffered on appeal. Any challenge to Garcia's credibility based on alleged inconsistencies between his testimony at the preliminary hearing and at the suppression hearing should have been raised on cross-examination at the suppression hearing. In any event, a fair reading of the transcripts does not reveal significant inconsistencies in Garcia's testimony.

Defendant also contends his trial counsel improperly withdrew his previously filed *Pitchess*[1] motion without his consent. Although defendant states that he did not know the motion was dismissed until he reviewed the clerk's transcript on appeal and that he "would never have agreed or consented had [he] been informed and given the opportunity," he has not attempted to withdraw his plea or suggested that he wishes to do so. Any error with respect to his counsel's representation prior to entry of the plea is not cognizable absent a certificate of probable cause and defendant did not request nor obtain such a certificate. (*People v. Richardson* (2007) 156 Cal.App.4th 574, 595–596.)

Next, defendant requests that we review the legal basis for the People's motion in limine to allow the prosecution to impeach him with his prior conviction if he testified at trial. It does not appear from the record that the trial court ruled on this motion and defendant entered the no contest plea before the matter proceeded to trial. In any event, any pretrial rulings would not be cognizable on appeal absent a certificate of probable cause.

Finally, defendant contends that the pre-sentence report prepared by the probation department contained numerous factual inaccuracies. Each of the alleged mistakes, however, was identified and disputed by defendant's attorney at the sentencing hearing and the issues were discussed at length by the court. We find no error in the court's

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

exercise of discretion in sentencing defendant in conformity with the terms of his negotiated plea. (*People v. Tang* (1997) 54 Cal.App.4th 669, 680.)

## Disposition

The judgment is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

A136137

6